OPINION
{¶ 1} Appellant, Anthony Jerome Smith, appeals the judgment entered by the Trumbull County Court of Common Pleas. Smith received an aggregate prison sentence of 21 years for his convictions for aggravated robbery and having a weapon while under disability.
 {¶ 2} On September 10, 2004, Officer Peter DeAngelo of the Liberty Township Police Department was working a DUI checkpoint on Belmont Avenue. One of the vehicles stopped at the checkpoint was a maroon Hyundai Elantra with North Carolina license plates. Lawrence Johnson was driving the Elantra. The Elantra was owned by Smith, who was a passenger in the vehicle. Neither Johnson nor Smith possessed a valid driver's license. In addition, Officer DeAngelo was concerned that Smith might be intoxicated. In light of these facts, Officer DeAngelo ordered the Elantra parked until a licensed driver could retrieve it. A short time later, at 12:20 a.m. on September 11, 2004, Smith returned with an unidentified person and retrieved the Elantra.
 {¶ 3} On September 11, 2004, Gloria Alicea was working behind the counter at a BP gas station on Belmont Avenue. Shortly after 1:00 a.m., two individuals entered the BP store. At 1:18 a.m., one of the individuals approached her, placed a nine millimeter handgun on the counter, and demanded money. Alicea was able to signal to her coworkers that she was being robbed. One of her coworkers called 9-1-1 and reported the robbery.
 {¶ 4} Officer DeAngelo was still working the DUI checkpoint when he heard the radio transmission regarding the robbery. He left his post at the checkpoint to pursue the suspects. Officer DeAngelo took a residential street to the BP location. As he was driving, he noticed a parked car on the residential street. He approached the vehicle and observed a black male jump into the vehicle through the rear window. Officer DeAngelo pursued the vehicle and determined it was Smith's maroon Hyundai Elantra with North Carolina license plates.
 {¶ 5} Officer DeAngelo and other officers engaged in a high-speed pursuit of the Elantra. Eventually, the Elantra crashed into a telephone pole. Officer DeAngelo identified the passenger of the Elantra as Smith. Smith exited the Elantra holding a gun in one hand and a hat in his other hand. Then, Smith ran through a residential neighborhood. Eventually, other officers apprehended Smith a short distance from the crash site. Smith was ordered to lay down on the ground so he could be safely taken into custody. While Smith was on the ground, Officer Michael Schuster of the Liberty Police Department observed a gun less than two feet from Smith's leg. Officer Schuster secured the weapon. At trial, Officer Schuster identified state's exhibit one as the gun he saw on the ground next to Smith.
 {¶ 6} Following the robbery, store employees identified Smith as the gunman and Johnson as his accomplice. Security cameras showed Smith and Johnson at the BP store, but the images did not show Smith pointing a gun at Alicea.
 {¶ 7} Smith was indicted with one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and a first-degree felony. This charge contained two specifications, a firearm specification, pursuant to R.C. 2941.145, and a repeat violent offender specification, pursuant to R.C. 2941.149. In the same indictment, Smith was charged with one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(2) and (B), a third-degree felony.
 {¶ 8} At his arraignment in October 2004, Smith pled not guilty to the charges against him. The matter was set for a jury trial. On the morning of the first day of trial, May 11, 2005, Smith moved to change his not guilty pleas to not guilty by reason of insanity pleas. The trial court denied Smith's motion.
 {¶ 9} Several witnesses, including Alicea and Officer DeAngelo, testified for the state as to the events described above. Smith testified at trial in his own defense. He testified he was drunk on the night in question and did not remember being in the BP station or being arrested. Following closing arguments, defense counsel requested jury instructions on the lesser included offenses of theft and robbery. The trial court granted his motion with respect to theft, but denied the motion with respect to robbery. The jury found Smith guilty on the aggravated robbery charge, with the firearm and repeat violent offender specifications, as well as on the having a weapon while under disability charge.
 {¶ 10} The trial court sentenced Smith to a ten-year prison sentence on the aggravated robbery conviction. Also, the trial court sentenced him to a three-year term on the firearm specification and a five-year term on the repeat violent offender specification. The terms imposed for the specifications were both ordered to be served consecutively to the underlying ten-year term, for a total sentence of 18 years on the aggravated robbery conviction. In addition, the trial court sentenced Smith to a three-year prison term for his having a weapon while under disability conviction, which was ordered to be served consecutively to the sentence imposed on the aggravated robbery conviction. Thus, Smith's aggregate prison term was 21 years.
 {¶ 11} Smith has timely appealed the trial court's judgment to this court. Smith raises three assignments of error. His first assignment of error is:
 {¶ 12} "The trial court erred and abused its discretion by refusing to allow appellant's request for leave to enter a `not guilty by reason of insanity' plea."
 {¶ 13} "The defense of not guilty by reason of insanity must be pleaded at the time of arraignment, except that the court for good cause shown shall permit such a plea to be entered at any time before trial."[1] A trial court is given sound discretion to determine whether a defendant's reasons constitute "good cause" under Crim.R. 11(H).[2] Thus, the trial court's decision will not be disturbed absent a showing of an abuse of discretion.[3] The term "abuse of discretion" implies that the court's decision was arbitrary, unreasonable, or unconscionable.[4]
 {¶ 14} Smith moved the trial court to allow him to amend his plea to not guilty by reason of insanity on the morning of the first day of his jury trial. The trial court asked Smith what good cause he had for moving the court to change the plea at that time. Smith replied that he had a liver disease, that his wife had recently left him, that he no longer had health insurance to cover the cost of antidepressants, and that, at the time of the crimes, he had been drinking to the point of not remembering things on a daily basis. The trial court noted that it discussed these factors with Smith on two occasions and that Smith intelligently addressed the court when presenting the issues. The court concluded that Smith did not demonstrate good cause for changing his plea to not guilty by reason of insanity. Therefore, the trial court denied his motion.
 {¶ 15} Smith did not demonstrate good cause for the delay in filing his motion. All of his reasons presented to the trial court went to the issue of his intoxication on the night of the crimes. These factors were known to Smith at the time of his arraignment in October 2004, and well before they were presented to the trial court in May 2005. Further, the trial court noted that the Smith's reasons would not qualify for the defense of not guilty by reason of insanity. Such a finding is relevant in a "good cause" determination.[5]
 {¶ 16} "A person is `not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."[6]
 {¶ 17} In his brief, Smith again points to the fact that he had a liver disease and was drinking on the night in question. Taken together, he argues, these facts rendered him incoherent and unable to understand the wrongfulness of his conduct. In effect, Smith's argument amounts to a defense of voluntary intoxication. However, "[v]oluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense."[7] Moreover, voluntary intoxication is a entirely different legal concept than a not guilty by reason of insanity defense, which requires an inability to decipher right from wrong due to a "severe mental disease."[8] At best, Smith demonstrated to the trial court that he had a liver disease, a physical impairment, which, when coupled with his voluntary consumption of alcohol, caused him to blackout and not remember certain events. Such circumstances do not justify a not guilty by reason of insanity defense.
 {¶ 18} The trial court did not abuse its discretion by finding that Smith failed to demonstrate good cause and denying his motion to change his plea to not guilty by reason of insanity.
 {¶ 19} Smith's first assignment of error is without merit.
 {¶ 20} Smith's second assignment of error is:
 {¶ 21} "The trial court erred when it failed to instruct the jury on the lesser-included offense of robbery thus denying appellant of his fundamental right to a fair trial."
 {¶ 22} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."[9]
 {¶ 23} Smith was charged with aggravated robbery, in violation of R.C. 2911.01(A)(1), which provides:
 {¶ 24} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 25} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 26} Smith requested an instruction on robbery, in violation of R.C. 2911.02, which provides:
 {¶ 27} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 28} "(1) Have a deadly weapon on or about the offender's person or under the offender's control;
 {¶ 29} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 {¶ 30} "(3) Use or threaten the immediate use of force against another."
 {¶ 31} The state notes that defense counsel requested a jury instruction on "straight robbery." Counsel did not request an instruction relating to a specific subpart of the robbery statute.
 {¶ 32} During the discussion before the trial court as to whether to instruct the jury on robbery, the state directed the court's attention to State v. Merriweather, wherein the Supreme Court of Ohio held that robbery is not a lesser included offense of aggravated robbery.[10] However, the Fourth Appellate District has held that the Merriweather decision is no longer applicable in light of the changes in the statutory definitions of aggravated robbery and robbery caused by Senate Bill 2.[11] The Fourth District noted that, at the time theMerriweather was decided, it was possible to commit aggravated robbery without committing robbery.[12] However, this is not necessarily the case with the post Senate Bill 2 versions of the statutes.
 {¶ 33} Under the current versions of the statutes, aggravated robbery is a first-degree felony,[13] while robbery under R.C. 2911.02(A)(1) is a second-degree felony.[14]
Therefore, the penalties for robbery are less than those for aggravated robbery.[15] Aggravated robbery under R.C.2911.01(A)(1) cannot be committed without also committing robbery under R.C. 2911.02(A)(1), because both statutes require the offender to have a deadly weapon, while the aggravated robbery statute requires the offender to brandish, use, display, or indicate that he has the weapon.[16] This additional requirement is an additional element that is not required under the robbery statute.[17] Accordingly, all three prongs of the State v. Deem test have been met.[18] Thus, the Fourth District held that robbery is a lesser included offense of aggravated robbery.[19] The Fourth District limited its holding to R.C. 2911.02(A)(1) being a lesser included offense of R.C. 2911.01(A)(1).[20] We agree with the Fourth District's analysis on this issue. We note the Supreme Court of Ohio, in referring to the Merriweather holding in a case released subsequent to the enactment of Senate Bill 2, changed theMerriweather verbiage (that robbery is not a lesser included offense of aggravated robbery) to the past tense.[21]
 {¶ 34} We will now address whether R.C. 2911.02(A)(2) or (3) are lesser included offenses of R.C. 2911.01(A)(1). Again, the penalties for robbery are less than the penalties for aggravated robbery, as robbery under these sections is classified as a second or third-degree felony, unlike aggravated robbery, which is a first-degree felony.[22] Turning to the second prong of the State v. Deem test, we will address whether aggravated robbery under R.C. 2911.01(A)(1) can be committed without committing robbery under R.C. 2911.02(A)(2) or (3). Both of these robbery subsections require "another" person to be present.[23] Aggravated robbery in violation of R.C.2911.01(A)(1) does not require another person be present, it only requires the commission or attempted commission of a theft offense while using, displaying, brandishing, or indicating possession of a deadly weapon. Certainly, someone could "use" a deadly weapon without another person being present. Further, there are several theft offenses that may be committed without another person being present, including: breaking and entering, safecracking, tampering with coin machines, theft, unauthorized use of a vehicle, tampering with records, and receiving stolen property.[24] Thus, it is possible to commit aggravated robbery under R.C. 2911.01(A)(1) without anyone being present and, thus, without violating R.C. 2911.02(A)(2) or (3). The second prong of the State v. Deem test is not met. Therefore, R.C. 2911.02(A)(2) and (3) are not lesser included offenses of R.C. 2911.01(A)(1).
 {¶ 35} Since R.C. 2911.02(A)(2) and (3) are not lesser included offenses of R.C. 2911.01(A)(1), the trial court was not required to give Smith's requested instruction in relation to these subsections.
 {¶ 36} However, R.C. 2911.02(A)(1) is a lesser included offense of R.C. 2911.01(A)(1).[25] Therefore, we will address whether the trial court should have given an instruction on this statute.
 {¶ 37} A jury instruction on a "`lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.'"[26] If this test is not met, the instruction on the lesser included offense is not required.[27] Finally, the evidence is to be viewed most strongly in favor of the defendant when making the decision as to whether to give an instruction on a lesser included offense.[28]
 {¶ 38} The pictures and videotape show Smith standing at the BP counter, without a gun. Moments after the robbery, Smith was apprehended with a gun. These facts, when viewed most strongly in favor of Smith, create the inference that he may have had the gun concealed during robbery.
 {¶ 39} There was evidence that Smith brandished the gun when he demanded money from Alicea. Alicea directly testified to these events. However, there is also evidence that Smith did not have a gun when he was at the BP counter. The photographic evidence does not reveal a gun. Kenda Learn was the manager of the BP and was present during the incident. Both Kenda Learn and Alicea testified that the videotaped images of Smith at the counter of the BP station do not contain an image of a gun. Accordingly, some of the state's evidence showed that Smith displayed a gun, while other evidence suggested that he did not. It was up to the jury to resolve this discrepancy. The trial court should have instructed the jury on robbery, in addition to aggravated robbery, and permitted the jury to do its job and resolve the evidentiary conflicts.
 {¶ 40} The trial court erred by declining to instruct the jury on the lesser included offense of robbery.
 {¶ 41} Smith's second assignment of error has merit.
 {¶ 42} Smith's third assignment of error is:
 {¶ 43} "The appellant's convictions are against the manifest weight of the evidence."
 {¶ 44} This matter is being remanded for a new trial. Thus, Smith's third assignment of error is moot.[29]
 {¶ 45} The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Colleen Mary O'Toole, J., concurs.
Cynthia Westcott Rice, J., dissents with Dissenting Opinion.
[1] Crim.R. 11(H).
[2] State v. Eden (Nov. 17, 1999), 9th Dist. No. 97CA006991, 1999 Ohio App. LEXIS 5406, at *5, quoting State v. Iacovone
(July 16, 1997), 9th Dist. No. 69CA0060, 1997 Ohio App. LEXIS 3060, at *9.
[3] (Citation omitted.) Id.
[4] State v. Adams (1980), 62 Ohio St.2d 151, 157-158.
[5] See State v. Freeman, 155 Ohio App.3d 492,2003-Ohio-6730, at ¶ 54.
[6] R.C. 2901.01(A)(14).
[7] R.C. 2901.21(C).
[8] See R.C. 2901.01(A)(14).
[9] State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
[10] See State v. Merriweather (1980), 64 Ohio St.2d 57, syllabus.
[11] State v. Schoonover (Sept. 21, 1998), 4th Dist. No. 97 CA 647, 1998 Ohio App. LEXIS 4489, at *121-4.
[12] Id. at *12.
[13] R.C. 2911.01(C).
[14] R.C. 2911.02(B).
[15] State v. Schoonover, supra, at *14. See, also, R.C.2929.14(A)(1) and (2).
[16] State v. Schoonover, at *14.
[17] Id.
[18] State v. Deem, 40 Ohio St.3d 205, paragraph three of the syllabus, State v. Schoonover, at *14.
[19] State v. Schoonover, at *13-14.
[20] Id. at *14, fn. 7.
[21] State v. Wharf (1999), 86 Ohio St.3d 375, 379, quotingState v. Merriweather, 64 Ohio St. 2d 57, syllabus.
[22] See R.C. 2911.01(C) and R.C. 2911.02(B).
[23] R.C. 2911.02(A)(2) and (3).
[24] See R.C. 2913.01(K)(1); R.C. 2911.13; R.C. 2911.31; R.C.2911.32; R.C. 2913.02; R.C. 2913.03; R.C. 2913.42; and R.C.2913.51.
[25] State v. Schoonover, at *13-14.
[26] State v. Monroe, 105 Ohio St.3d 384, 2005-Ohio-2282, at ¶ 37, quoting State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
[27] Id., citing State v. Kidder (1987), 32 Ohio St.3d 279,282-283.
[28] Id., citing State v. Campbell (1994), 69 Ohio St.3d 38,47-48.
[29] State v. Freeman (2000), 138 Ohio App.3d 408, 424.