JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Timothy Evans, appeals from his conviction after a bench trial for robbery. Evans presents one assignment of error, asserting that the trial court violated his constitutional rights by improperly convicting him of an offense that was not a lesser included offense of the indicted charge. This court is constrained to agree.
 {¶ 2} The incident that led to Evans' conviction occurred on the evening of November 18, 2005. According to her testimony, the victim had parked her vehicle and was preparing to enter a food store when she felt something pull on her purse. The purse strap was looped over her shoulder, so she reacted by holding tightly to the purse itself, and moving with the force of the pull, which spun her around.
 {¶ 3} The victim found herself facing a man, whom she later identified as Evans. Evans demanded that she give him her purse. When she resisted, he stated, "I've got a gun." The victim indicated that she saw no weapon, but Evans moved his free hand toward his belt area. Rather than frightening the victim, the gesture served to embolden her. She told him, "Well, you know what? You're going to have to use it," and began to kick and fight.
 {¶ 4} Her efforts to free her purse soon attracted the attention of another driver in the parking lot. The driver began to sound her vehicle's horn. The noise, coupled with the victim's resistance, apparently caused the assailant to abandon the struggle and he ran away. *Page 4 
 {¶ 5} Although police officers responded to the scene, the man could not be located. Approximately two months later, the victim spotted appellant walking on the street and identified him as the man who had attempted to take her purse.
 {¶ 6} Evans was subsequently indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), i.e., that "in attempting or committing a theft offense," he had "a deadly weapon to wit: gun, on orabout his person or under his control and either displayed the weapon, brandished it, indicated he possessed it, or used it." (Emphasis added.)
 {¶ 7} Evans' case proceeded to a trial before the bench. At the conclusion of the evidence, the court granted Evans' motion for acquittal with respect to the charge as indicted, but found him guilty of robbery, in violation of R.C. 2911.02(A)(2), i.e., that in attempting or committing a theft offense, he "did threaten to inflict physical harm" on the victim. The trial court held that this was a "lesser included offense" of the indicted offense.
 {¶ 8} Evans was sentenced to a prison term of two years for his conviction. He now challenges that conviction with the following assignment of error:
 {¶ 9} "By finding Mr. Evans guilty of a crime for which he had not been indicted and which was not a lesser included offense of the crime charged in the indictment, the trial court denied Mr. Evans of his right to be indicted by a grand jury." *Page 5 
 {¶ 10} Evans argues that his conviction for robbery pursuant to R.C.2911.02(A)(2) is improper, because it is not a lesser included offense of R.C. 2911.01(A)(1), the aggravated robbery charge set forth in the indictment.
 {¶ 11} Evans failed to raise this argument in the trial court and thus has waived all but plain error. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43. Plain error is an obvious error or defect in the trial court proceeding that affects a substantial right. See, generally,State v. Long (1978), 53 Ohio St.2d 91, 94; see, also, Crim.R. 52(B). An alleged error is plain error if the error is "obvious" and "but for the error, the outcome of the trial clearly would have been otherwise."State v. Barnes, 94 Ohio St.3d 21, 28, 2002-Ohio-68; Long, supra. Considering Evans' argument in light of this standard, this court is constrained to agree.
 {¶ 12} In State v. Deem (1988), 40 Ohio St.3d 205, the Ohio Supreme Court set forth the test for determining whether an offense is a "lesser included" offense of another. "An offense may be a lesser included offense of another if: 1) the offense carries a lesser penalty than the other; 2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and 3) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Accord, Fayette App. No. CA2005-05-019, 2006-Ohio-2250, at ¶ 5, citing Deem, supra, paragraph three of the syllabus. *Page 6 
 {¶ 13} Clearly, the verdict reached by the trial court in this case meets the first requirement of the Deem test, since R.C. 2911.01(A)(1) (aggravated robbery) is a first-degree felony, and R.C. 2911.02(A)(2) (robbery) is a felony of the third degree. The second requirement is not met, however.
 {¶ 14} The offense of aggravated robbery, as defined in R.C.2911.01(A)(1), contains the element that the offender have a deadly weapon and display it, brandish it, indicate that he possesses it, or use it. The offense is phrased in the conjunctive: the offender must both possess the gun and act in one of the aforementioned ways.
 {¶ 15} Robbery, on the other hand, as defined in R.C. 2911.02(A)(2), is committed by an offender who either inflicts, attempts to inflict, or threatens to inflict physical harm. The reality or threat of physical harm is an element of robbery which is not contained in aggravated robbery. Robbery under R.C. 2911.02(A)(2) is therefore not a lesser included offense of aggravated robbery under R.C. 2911.01(A)(1).State v. Smith, 11th Dist. No. 2005-T-0080,2006-Ohio-4669, at ¶ 34.[1]
 {¶ 16} Here, although the trial court concluded that Evans could not be guilty of aggravated robbery in violation of R.C. 2911.01(A)(1), because it found insufficient evidence that he actually had a deadly weapon, the trial court found him guilty of *Page 7 
robbery in violation of R.C. 2911.02(A)(2), an uncharged offense. As this court observed when presented with a similar situation:
 {¶ 17} "Section 10, Article I, of the Ohio Constitution provides that `no person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury * * *.' * * * [T]his provides an inalienable protection to the defendant that he will be tried on the same essential facts on which the grand jury found probable cause." State v. Robertson, Cuyahoga App. No. 80910, 2002-Ohio-6814, at ¶13, citing State v. Vitale (1994),96 Ohio App.3d 695, 645 N.E.2d 1277.
 {¶ 18} Because the facts supporting an indictment on robbery in violation of R.C. 2911.02(A)(2) were not presented to the grand jury, the trial court improperly convicted Evans of a charge for which he had not been indicted. Robertson, supra.
 {¶ 19} Accordingly, the assignment of error is sustained. We reverse the trial court's judgment and remand with instructions to vacate Evans' conviction.
Reversed and remanded.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
MARY J. BOYLE, J., CONCURS
KENNETH A. ROCCO, P.J., CONCURS WITH SEPARATE CONCURRING OPINION
[1] There are several cases that hold that R.C. 2911.02(A)(1) (emphasis added) is a lesser included offense of R.C. 2911.01(A)(1). See, e.g., State v. Nelson, 2007-Ohio-22904; State v. Taylor,2006-Ohio-2655; State v. Schoonover (Sept. 21, 1998), 4th
Dist. No. 97 CA 647. *Page 8