JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Scott Green appeals his breaking and entering and drug possession convictions. He sets forth the following errors for our review:
 "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Green's conviction for drug possession and vacate his breaking and entering conviction. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Green for two counts of second degree burglary, one count of fourth degree burglary, and one count of drug possession. Green waived his right to a jury trial; the matter proceeded before the bench.
 Bench Trial {¶ 4} On June 17th 2006, Green broke into the home occupied by his sister, Jacqueline Scott. The home was located at 17005 South Miles Road in Cleveland. Green and his sister had both lived with their parents in the home. After their parents died, the siblings continued to live together. The sister testified she paid the bills for the home, and title to the home had not yet been probated.
 {¶ 5} Although Green had previously lived in the home, he was not permitted to live there for the six months preceding the incident. Green, who is admittedly *Page 3 
addicted to drugs, frequently brought friends to the home who also abused drugs. As a result, Scott kicked him out of the home and changed the locks. Scott had also obtained a temporary restraining order against her brother, which had expired approximately one week prior to the break in. The restraining order was issued due to Green's domestic violence against his sister.
 {¶ 6} On the night in question, Green came to the home and yelled to his sister to call the police if she wanted, but he was coming into the home. She spoke with Green from the kitchen window. She then called the police and took her teenage nephew, who was visiting, upstairs. About fifteen minutes later, she heard snoring coming from Green's former bedroom. Upon investigating, she found Green sleeping in the bed. She did not know how he gained entrance to the home, because she had locked all the doors. The sister and her nephew waited outside for the police to arrive.
 {¶ 7} When the police arrived, the sister told them where they could find Green. Green was roused from his bed and arrested. The officers observed the blinds in the back room were disheveled and suspected that the window was the point of entry. On a nightstand next to the bed, they found a crack pipe and two metal sockets with what appeared to be cocaine residue in them. One of the officers testified that it is common for drug users to use metal sockets to smoke crack from. One of the sockets tested positive for cocaine residue. *Page 4 
 {¶ 8} Green testified that he had "just as much right" as his sister to be in the home. He also denied the drugs were his. He stated that it was possible the drugs belonged to one of his friends who had used the room to change clothes.
 {¶ 9} The trial court granted Green's motion for acquittal as to the first two counts of burglary. The court found Green not guilty of burglary in count three, but guilty of breaking and entering. The court also found Green guilty of drug possession. The trial court sentenced Green to ten months in prison on each count to be served concurrently.
 Insufficient evidence {¶ 10} In his first assigned error, Green argues that his convictions for drug possession and breaking and entering were not supported by sufficient evidence.
 {¶ 11} The sufficiency of the evidence standard of review is set forth in State v. Bridgeman:[1]
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."[2] *Page 5 
 {¶ 12} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks,[3] in which the Ohio Supreme Court held:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)"
 {¶ 13} Green was convicted of possession of crack cocaine in violation of R.C. 2925.11(A), which provides as follows: "No person shall knowingly obtain, possess, or use a controlled substance." R.C.2901.22(B) defines knowingly as follows:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of *Page 6 circumstances when he is aware that such circumstances probably exist."
 {¶ 14} Green contends the State failed to prove the drugs belonged to him; therefore, the State failed to prove the essential elements of possession of a controlled substance. Possession, however, need not be actual; it may be constructive.[4] Constructive possession exists when a person knowingly exercises dominion or control over an item, even without physically possessing it.[5] While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and close proximity to it support a finding of constructive possession.[6]
 {¶ 15} In the instant matter, the crack pipe and sockets with cocaine residue were found on the nightstand next to the bed, within easy reach of Green. Therefore, the cocaine was obviously within his control. Accordingly, the evidence supports Green's drug possession conviction.
 {¶ 16} Green also argues that the trial court improperly found him guilty of breaking and entering, because it is not a lesser-included offense of burglary. In making this argument, Green refers to R.C.2911.13(A) and ignores R.C. 2911.13(B), which is the section relied upon by the trial court. The case law he *Page 7 
refers to also relates to breaking and entering under R.C. 2911.13(A) and not (B). However, our review indicates that even under R.C.2911.13(B), breaking and entering does not constitute a lesser-included offense to fourth degree burglary.
 {¶ 17} Fourth degree burglary is defined in R.C. 2911.12(A)(4) as follows:
 "(A) No person, by force, stealth, or deception, shall do any of the following:
 44 * * *
 "(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 18} R.C. 2911.13(B) defines breaking and entering as:
 "(B) No person shall trespass on the land or premises of another, with the purpose to commit a felony."
 {¶ 19} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."[7]
 {¶ 20} In this case, it is clear that the second prong of the test cannot be met, because R.C. 2911.12(A)(4), as statutorily defined, can be committed without also *Page 8 
committing the lesser offense of R.C. 2911.13(B), as statutorily defined. R.C. 2911.13(B) requires purpose to commit a felony. But burglary can be committed without purpose to commit a felony. Therefore, a fourth degree burglary can be committed without committing breaking and entering. Thus, R.C. 2911.13(B) is not a lesser-included offense of R.C. 2911.12(A)(4).
 {¶ 21} A defendant may only be convicted of an offense for which he has been charged, or for a lesser-included offense of the crime charged.[8] "The defendant may not, however, be convicted of an offense which may have some similarities to the offense charged but which is not contained within it."[9] Therefore, the trial court improperly convicted Green of a crime for which he had not been indicted. Although the State argues that we should find Green guilty of burglary, the trial court found him not guilty of burglary; therefore, double jeopardy prevents us from finding him guilty of the indicted charge. The premise underlying the Double Jeopardy Clauses is that the State is prohibited from seeking (1) a second prosecution for the same offense after acquittal or conviction and (2) multiple punishments for the same offense.[10] Green was already tried for the burglary, and the trial court concluded he *Page 9 
was not guilty of that offense when it incorrectly found him guilty of breaking and entering. Accordingly, Green's first assigned error is sustained in part. Green's conviction for breaking and entering is vacated.
 Manifest Weight of the Evidence {¶ 22} In his second assigned error, Green contends his convictions were against the manifest weight of the evidence.
 {¶ 23} Green argues his conviction for drug possession was against the manifest weight, because there was no evidence that he possessed, used, or obtained the cocaine. However, as we stated in our discussion regarding Green's first assigned error, Green had constructive possession of the crack pipe and sockets as they were within his reach on the nightstand. Therefore, his conviction for drug possession was not against the manifest weight of the evidence.
 {¶ 24} Green's contention that his breaking and entering charge was against the manifest weight of the evidence is moot because we vacated this conviction in the first assigned error. Accordingly, Green's second assigned error is overruled.
 {¶ 25} Green's conviction as to drug possession is affirmed; his conviction for breaking and entering is vacated.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court of Common Pleas Court to carry this judgment into execution. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27
of the Rules of Appellate Procedure. PATRICIA ANN BLACKMON, JUDGE
CHRISTINE T. MCMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] (1978), 55 Ohio St.2d 261, syllabus.
[2] See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23;State v. Davis (1988), 49 Ohio App.3d 109, 113.
[3] (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
[4] State v. Butler (1989), 42 Ohio St.3d 174, 176.
[5] State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus.
[6] State v. Haynes (1971), 25 Ohio St.2d 264, paragraph two of the syllabus.
[7] State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
[8] State v. Deem, supra at, paragraph one of the syllabus; R.C.2945.74; Ohio Crim.R. 31(C).
[9] State v. Tate (Mar. 24, 1988), Cuyahoga App. No. 53572 (conviction was vacated because it was not a lesser-included offense of the indicted offense).
[10] United States v. Halper (1989), 490 U.S. 435, 440,104 L.Ed. 2d 487, 109 S.Ct. 1892. *Page 1