JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Brandon Fanning, appeals his conviction for robbery. He argues that the trial court improperly found him guilty of robbery, a violation of R.C. 2911.02(A)(2), because he was never indicted for this offense, and it is not a lesser-included offense of aggravated robbery. The State concedes the error. Finding merit to the appeal, we vacate Fanning's conviction.
 {¶ 2} In July 2006, the Cuyahoga County Grand Jury indicted Fanning for one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), and one count for kidnapping, a violation of R.C. 2905.01, both carrying one-and three-year gun *Page 3 
specifications. Following a bench trial, the trial court found Fanning not guilty of kidnapping and the gun specifications, but guilty of R.C.2911.02(A)(2), believing it to be a lesser-included offense of aggravated robbery. In rendering its verdict, the trial court stated the following:
 {¶ 3} "So, applying the facts to the law in this case, the Court is going to find
 {¶ 4} the Defendant guilty of the lesser included offense of robbery, finding you, Mr. Fanning, guilty of 2911.02(A)(2), that no person, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense, shall do any of the following: Inflict, attempt to inflict, or threaten to inflict physical harm on another. And I found [sic] you not guilty of the charge of aggravated robbery, and the gun specifications, and the charge of kidnapping."
 {¶ 5} Subsequently, the trial court sentenced Fanning to four years in prison.
 {¶ 6} Fanning appeals, raising two assignment of error:
 {¶ 7} "[1] The trial court erred by convicting appellant Fanning of robbery
 {¶ 8} (R.C. 2911.02(A)(2)) because it is not a lesser-included offense of aggravated
 {¶ 9} robbery (R.C. 2911.01(A)(1)) and Fanning was never on notice that he stood
 {¶ 10} accused of robbery, which violated rights to a fair trial and substantive due
 {¶ 11} process under Article I, Section 10 of the Ohio Constitution and the Fifth and
 {¶ 12} Fourteenth Amendment to the U.S. Constitution. *Page 4 
 {¶ 13} "[2] The trial court erred in convicting appellant Fanning of robbery (R.C.
 {¶ 14} 2911.02(A)(2)) as it was against the manifest weight of the evidence and not
 {¶ 15} supported by sufficient evidence to prove his guilty beyond a reasonable doubt,
 {¶ 16} which violated his rights to a fair trial and substantive due process under Article
 {¶ 17} I, Section 10 of the Ohio Constitution and the Fifth andFourteenth Amendment
 {¶ 18} to the U.S. Constitution."
 {¶ 19} In his first assignment of error, Fanning argues that the trial court improperly found him guilty of robbery, a violation of R.C.2911.02(A)(2), because it is not a lesser included offense of aggravated robbery, as defined in R.C. 2911.01(A)(1).[1] Although the State concedes this point, it nonetheless urges this court to uphold Fanning's conviction because there is sufficient evidence to support the robbery conviction.[2] But even if we agreed that there is sufficient evidence, we *Page 5 
must still reverse the conviction because Fanning was never indicted for robbery as defined in R.C. 2911.02(A)(2).
 {¶ 20} As this court recently stated, "[a] defendant may only be convicted of an offense for which he has been charged, or for a lesser-included offense of the crime charged." State v. Green, 8th Dist. No. 89326, 2008-Ohio-228, at ¶ 21, citing State v. Deem (1988),40 Ohio St.3d 205, paragraph one of the syllabus; R.C. 2945.74; Ohio Crim.R. 31(C). When a defendant is convicted of an offense that does not fall within either one of these categories, regardless of its similarities to the offense charged, the conviction must be vacated. See, e.g.,Green, supra (vacating breaking and entering conviction because breaking and entering was neither charged nor a lesser-included offense of the indicted offense); and State v. Evans, 8th Dist. No. 89057,2008-Ohio-139; State v. Johnson (1988), 61 Ohio App.3d 693; State v.Tate (Mar. 24, 1988), 8th Dist. No. 53572, 1988 Ohio App. LEXIS 1071 (court constrained to vacate conviction of robbery, as defined in R.C.2911.02(A)(2), because it was not a lesser-included offense of the indicted offense-aggravated robbery). Therefore, because Fanning was not indicted for robbery, as defined under R.C. 2911.02(A)(2), and because it is not a lesser-included offense of the indicted offense, namely, aggravated robbery, his conviction must be vacated. *Page 6 
 {¶ 21} We also reject the State's alternative argument that we vacate the conviction but remand this case to the trial court to consider the proper lesser-included offense of aggravated robbery-robbery, as defined in R.C. 2911.02(A)(1).[3] Here, the State sought a conviction for the greater offense of aggravated robbery and never asked that the trial court consider the proper lesser-included offense of R.C. 2911.02(A)(1). The State, therefore, has waived this argument on appeal and cannot now seek from this court what it chose not to ask for below. See, generally,State v. Hughbanks, 99 Ohio St.3d 365, 2003-Ohio-4121, at ¶ 34.
 {¶ 22} Moreover, as we recently addressed in Green, supra, the Double Jeopardy Clauses prevent the State from seeking (1) a second prosecution for the same offense after acquittal or conviction and (2) multiple punishments for the same offense. Green, 2008-Ohio-228, ¶ 21. Fanning was already tried for aggravated robbery, which also included any lesser-included offenses, namely, R.C. 2911.02(A)(1), and the trial court found that he was not guilty of those offenses when it incorrectly found him guilty of robbery, as defined in R.C. 2911.02(A)(2). Double jeopardy, therefore, prevents the trial court from twice considering Fanning's guilt under R.C. 2911.02(A)(1). *Page 7 
 {¶ 23} Accordingly, we sustain Fanning's first assignment of error. Because this assignment of error disposes of the case, we need not address his second assignment of error.
Conviction vacated.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] R.C. 2911.02(A)(2) provides that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" Aggravated robbery, on the other hand, is defined in R.C. 2911.01(A)(1) and provides that "[n]o person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * *[h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
[2] See State v. Merriweather (1980), 64 Ohio St.2d 57, syllabus ("The crime of robbery under R.C. 2911.02 is not a lesser-included offense of the crime of aggravated robbery under R.C. 2911.01(A)(1)."). See, alsoState v. Evans, 8th Dist. No. 89057, 2008-Ohio-139, at ¶ 15 ("Robbery under R.C. 2911.02(A)(2) is therefore not a lesser included offense of aggravated robbery under R.C. 2911.01(A)(1).").
[3] R.C. 2911.02(A)(1), a lesser-included offense of aggravated robbery, defines robbery as follows: "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control[.]" *Page 1