[Cite as *State v. Reid*, 2018-Ohio-5287.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-18-1001

      Appellee                                   Trial Court No. CR0201702431

v.

Darrell Reid                                        **DECISION AND JUDGMENT**

      Appellant                                  Decided:  December 28, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**MAYLE, P.J.**

**{¶ 1}** Appellant Darrell Reid appeals the December 28, 2017 "Nunc Pro Tunc Judgment Entry" of the Lucas County Court of Common Pleas sentencing him to 17 months of incarceration following his domestic violence conviction.  Finding no error, we affirm.

## Background and Facts

{¶ 2} On August 17, 2017, Reid was indicted on a single count of domestic violence, in violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree.[1] Reid's arraignment was delayed while he attempted to retain private counsel. On October 4, 2017, Reid signed an affidavit of indigency, and the state appointed him counsel. Reid pled not guilty to the charge on October 4, 2017.

{¶ 3} A change of plea hearing was held on December 4, 2017. The parties reached an agreement whereby the state downgraded the charge, from a third degree to a fourth-degree charge of domestic violence, in exchange for Reid's no contest plea. The court engaged in a colloquy with Reid to ensure that he understood that, by pleading no contest, he was waiving his constitutional and statutory rights, as set forth in Crim.R. 11. The court informed Reid that he faced up to 18 months in prison, a $5,000 fine, and up to three years of postrelease control.

{¶ 4} The state then proffered the following evidence: On or about August 11, 2017, Reid was cohabitating with his then-girlfriend, "W.C.," at Reid's home in Toledo. On that date, Reid picked up W.C. from a nearby house party, and the two argued while inside Reid's car. During the argument, Reid choked W.C., pulled out clumps of her hair, and punched her in the face several times. W.C. called the police from a gas station. When police officers arrived, they observed injuries to W.C.'s head that included

---

[1] The indictment initially referred to the wrong statutory section but was corrected, without objection, to properly reflect the indicted charge of R.C. 2919.25(D)(4).

2.

swelling under one of her eyes and patches of her scalp where her hair had been yanked out. The state also presented evidence that Reid had been previously convicted of domestic violence in 2007. The trial court found that Reid made a knowing, intelligent, and voluntary plea with an understanding of the maximum penalty and the effect of his plea. It accepted Reid's no contest plea and referred the matter for a presentence investigation.

{¶ 5} At the December 20, 2017 sentencing hearing, Reid's attorney asked the court to consider several mitigating factors, including a history of substance abuse and a 2012 diagnosis of "major depressive disorder with psychotic features." He added that Reid was facing financial ruin, caused by his inability to tend to his two small businesses (a funeral monument company and a rental property business) while he awaited trial in jail. Counsel requested community control and a complete mental health assessment. For his part, Reid admitted that he "wasn't taking [his] meds" on the day of the offense, but he denied that "it was a medical thing." He added that while he "chose to make the wrong decision in the heat of the moment, * * * the criminal part of me is gone." He reminded the court that he had complied, from his jail cell, with the temporary protection order that barred him from contacting W.C.

{¶ 6} After hearing from counsel and Reid, the court reviewed the record. Based upon Reid's "atrocious" criminal history—that included 11 prior felonies and 50 misdemeanors—as well as the parties' oral statements to the court, the victim impact statement, and the court's presentence report, the court concluded that prison was

3.

"consistent with the purpose of the sentencing statute." The court sentenced Reid to 17 months in prison and up to three years of discretionary postrelease control. Reid appealed and was appointed appellate counsel.

## Request to Withdraw

{¶ 7} On May 16, 2018, Reid's counsel filed a request to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserted that, after thoroughly reviewing the transcript of the proceedings in the trial court and the applicable case law, she could find no meritorious assignments of error to present for review.

{¶ 8} On June 29, 2018, we released *State v. Wenner*, 6th Dist. Sandusky No. S-18-004, 2018-Ohio-2590, in which this court pronounced that it will no longer accept *Anders* briefs in criminal appeals. Nevertheless, because the appeal was filed before *Wenner*, we will proceed with the process and role customarily undertaken pursuant to *Anders*.

{¶ 9} The procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue is set forth in *Anders*, as well as *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978). In *Anders*, the United States Supreme Court found that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Anders* at 744. The request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition,

4.

counsel must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters the client so chooses. *Id.* Once the requirements are fulfilled, the appellate court must conduct a full examination of the proceedings and decide if the appeal is indeed frivolous. *Id.* If the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal or it may proceed to a decision on the merits. *Id.*

{¶ 10} Pursuant to *Anders*, counsel's motion was accompanied with a legal memorandum that included a "possible assignment of error." Counsel also filed an affidavit indicating that she had provided Reid with a copy of the motion to withdraw and legal memorandum and informed Reid of the deadline for him to file his own brief in support of the appeal. Reid did not file a brief.

**Possible Assignment of Error No. 1**: Appellant's sentence is

contrary to law.

**Law and Analysis**

{¶ 11} We first address an error that is apparent on the face of the December 28, 2017 sentencing entry. It states that Reid pled no contest and was found guilty of domestic violence, "a violation of R.C. 2919.25(A) and (D)(4), a felony of the 4th degree." Reid was *originally* charged with a violation of section (D)(4), but pursuant to the parties' plea agreement, the charge was "amended [to] domestic violence, a felony of the fourth degree." The fourth-degree domestic violence provision is set forth in section (D)(3). R.C. 2919.25(A) and (D)(3) provide, in part,

5.

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

(3) * * * [I]f the offender previously has pleaded guilty to or been convicted of domestic violence, * * * a violation of division (A) * * * of this section is a felony of the fourth degree * * *.

{¶ 12} The prosecutor's statement at the plea hearing clearly shows that the state intended to amend the charge to section (D)(3) ("It's the state's understanding that the defendant will enter a no contest plea to amended Count I of the indictment, domestic violence, a fourth degree felony, and that's effectuated by deleting the reference to one of the two prior domestic violence convictions."). Likewise, Reid articulated at the hearing that he agreed to plead no contest to "the amended charge of domestic violence, a felony of the fourth degree." Finally, the trial court's sentence of 17 months in jail is commensurate with a fourth-degree felony conviction. *See* R.C. 2929.14(A)(4).

{¶ 13} Based upon all of the above, we conclude that the sentencing entry's reference to "R.C. 2919.25(D)(4)" is a typographical error which may be corrected by the trial court via a nunc pro tunc entry, following a limited order of remand. "Clerical errors, including ones involving a court's incorrect statutory reference in a sentencing entry, can be corrected by a nunc pro tunc entry." *State v. Bradford,* 4th Dist. Ross No. 16CA3531, 2017-Ohio-3003, ¶ 23, citing *State v. Lattimore*, 1st Dist. Hamilton, 2002 Ohio App. LEXIS 731 (Feb. 22, 2002) ("[T]he trial court's internally inconsistent sentencing entry is a correctable clerical error."); *State v. Taylor*, 3d Dist. Seneca No.

6.

13-10-49, 2011-Ohio-5080, ¶ 52-53 (Despite "innumerable errors" in the verdict forms and judgment entries, which included the trial court's citation to an incorrect Ohio Revised Code section, court-held errors were clerical and correctable via a nunc pro tunc order); *State v. Daley*, 3d Dist. Seneca No. 13-13-26, 2014-Ohio-2128, ¶ 1 (Remanded case for correction of clerical errors included in the sentencing judgment entry). Moreover, the typographical error does not render Reid's conviction or sentence void or contrary to law. *Bradford* at *¶ 23*.

{¶ 14} Next, we review counsel's possible assignment of error, in which he claims that his sentence was contrary to law. We review felony sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 15} We first note that none of the five statutes that are referenced in subsection (a), i.e., R.C. 2929.13(B) and (D); 2929.14(B)(2)(e) and (C)(4); and 2929.20(I), are relevant to Reid's case.

7.

{¶ 16} R.C. 2929.13(B)(1) provides that a trial court "shall" impose community control if the offender pleads guilty to a fourth of fifth-degree felony "that is not an offense of violence or that is a qualifying assault offense." Domestic violence is categorized as an offense of violence. *See* R.C. 2901.01(A)(9)(a). Therefore, the trial court was not required to impose community control sanctions under that statute. *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 8.[2]

{¶ 17} R.C. 2929.13(D) applies to offenders who have been convicted of a first or second-degree felony, a felony drug offense, or gross sexual imposition. Reid's conviction, for fourth-degree domestic violence, does not subject him to sentencing under R.C. 2929.13(D).

{¶ 18} R.C. 2929.14(B)(2)(e) applies to defendants who are designated as repeat violent offenders, which Reid is not. *See, e.g., State v. Oller*, 10th Dist. Franklin No. 16AP-429, 2017-Ohio-814, ¶ 42.

{¶ 19} R.C. 2929.14(C)(4) applies to offenders who have been convicted of "multiple prison terms * * * for convictions of multiple offenses." Here, Reid was charged and convicted of a single count of domestic violence, and therefore the statute

---

[2] Instead, R.C. 2929.13(B)(2) governs here. That provision instructs trial courts to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12 in determining whether to impose a prison sentence for a felony of the fourth or fifth degree. We address those statutes below in ¶ 22.

8.

does not apply. Finally, R.C. 2929.20(I) governs findings a trial court must make when deciding a motion for judicial release, which is not relevant to the issue in this appeal.

{¶ 20} Thus, our focus is limited to R.C. 2953.08(G)(2)(b), which requires that we review Reid's sentence to determine whether it is "otherwise contrary to law." A sentence is not clearly and convincingly "contrary to law" where the trial court sentences the defendant within the statutorily permissible range, properly applies postrelease control, and expressly states that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18. *See also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15 (Recognizing that, although sentences are to be reviewed pursuant to R.C. 2953.08 and not under the abuse of discretion standard as announced in *Kalish*, the case "may still be utilized in the course of determining whether a sentence is clearly and convincingly contrary to law.").

{¶ 21} Here, as discussed, Reid's 17-month prison sentence is within the statutorily permissible range. *See* R.C. 2929.14(A)(4) ("For a felony of the fourth degree, the prison term shall be six [to] eighteen months."). The court also properly notified Reid that he faced up to 3 years of postrelease control. R.C. 2967.28 ("Any sentence to a prison term of the * * * fourth * * * degree * * * shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment.").

{¶ 22} With regard to R.C. 2929.11 and 2929.12, the trial court asserted in the sentencing entry that it had considered "the principles and purposes of sentencing under R.C. 2929.11, and * * * balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12." While the court did not reference those statutes by name at the hearing, it is clear that it considered and applied them before sentencing Reid to 17 months in prison. Indeed, in opting for prison in lieu of community control, the court cited Reid's "assaultive nature," and expressed its concern that there "will be [a] next female for whom you will express some ardor and then when it again doesn't go your way, [you will] snap, and * * * end up beating, harming, [and] violating that individual." The court concluded that Reid posed "a danger to [the] community, not just [W.C.]." It also determined that Reid posed a danger to himself, based upon Reid's unwillingness to take his prescribed medications.

{¶ 23} In light of the statements at the hearing, as well as the language expressed in the sentencing entry, we conclude that the trial court complied with all applicable sentencing requirements. *Accord State v. Highsmith*, 6th Dist. Lucas Nos. L-16-1183, L-16-1184, 2018-Ohio-620; *see also State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000) (A sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria.). Therefore, we find that Reid's sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G)(2).

10.

**{¶ 24}** Furthermore, in accordance with *Anders,* this court has undertaken an independent review of the record and finds this appeal wholly frivolous.

**Conclusion**

**{¶ 25}** Reid's possible assignment of error is not well-taken.  But, we nonetheless remand this matter for the limited purpose of correcting the typographical error set forth in the sentencing entry, as described herein.  Reid's conviction and sentence are affirmed in all other respects.  Counsel's request to withdraw is hereby granted.  Reid is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.