[Cite as *State v. Johnson*, 2024-Ohio-72.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112763 |
| v. | : | |
| TREMAINE JOHNSON, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** January 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676621-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anjali Kanwar, Assistant Prosecuting Attorney, *for appellee*.

Flowers & Grube and Louis E. Grube, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Tremaine Johnson ("Johnson") appeals from his convictions for drug trafficking. For the reasons that follow, we affirm and remand.

**Factual and Procedural History**

{¶ 2}  This case stems from events that occurred on or about September 23, 2022.  While responding to a car crash on Mayfield Road, officers observed Johnson and another individual standing near a vehicle.  Officers observed a brick in the vehicle, which they believed had been used to break into the vehicle.  Johnson fled the scene on foot and was eventually arrested.  Johnson had cocaine and heroin on his person at the time of the arrest, along with a cell phone and $1,263 in cash.

{¶ 3}  As a result of this incident, on December 6, 2022, a Cuyahoga County Grand Jury indicted Johnson and a codefendant on three counts of trafficking in violation of R.C. 2925.03(A)(2), three counts of drug possession in violation of R.C. 2925.11(A), one count of possessing criminal tools in violation of R.C. 2923.24(A), and one count of obstructing official business in violation of R.C. 2921.31(A).  With the exception of the obstructing official business charge, each count also carried forfeiture specifications, requiring Johnson to forfeit a cell phone and $1,263 in cash.

{¶ 4}  Johnson initially pleaded not guilty to the indictment.  On April 19, 2023, the court held a change-of-plea hearing.  Johnson withdrew his former plea of not guilty and pleaded guilty to one amended count of drug possession in violation of R.C. 2925.11(A), a felony of the fifth degree; one count of trafficking as charged, a felony of the fifth degree; and one count of obstructing official business as charged, a misdemeanor of the second degree.  The remaining counts and specifications were

dismissed.  The court referred Johnson to the probation department for a pre-sentence investigation.

{¶ 5}  On May 11, 2023, the court held a sentencing hearing.  Defense counsel, the assistant prosecuting attorney, and Johnson all addressed the court. The court sentenced Johnson to 12 months on the drug possession charge, 12 months on the trafficking charge, and time served.  The court ordered the sentences to be served consecutively for a total sentence of 24 months in prison.

{¶ 6}  The sentencing journal entry provided for Johnson's sentence as described above, including the following paragraph related to consecutive sentences:

> The court imposes prison terms consecutively finding that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense, or at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

The sentencing journal entry also stated:

> Defendant is sentenced to 12 months on Count 2,
>
> Defendant is sentenced to 12 months on Count 5,
>
> Defendant is sentenced to time served on Count 8.

Counts 2 and 5 are to run concurrent.

{¶ 7} On May 23, 2023, Johnson filed a timely notice of appeal.

{¶ 8} On July 20, 2023, the state filed a notice requesting the court to correct an error in the sentencing journal entry. The state pointed out that at the sentencing hearing and in the journal entry, the court made the requisite findings and imposed consecutive sentences, but the journal entry contained a statement that the sentences were to be served concurrently.

{¶ 9} On August 24, 2023, the court entered a nunc pro tunc journal entry to correct the clerical error — inclusion of language referring to concurrent sentences when consecutive sentences were imposed at the sentencing hearing — in the May 11, 2023 sentencing journal entry.

{¶ 10} In the instant appeal, Johnson presents a single assignment of error for our review:

> The trial court committed plain error by imposing consecutive sentences because the record does not clearly and convincingly support all necessary factual findings.

**Law and Analysis**

{¶ 11} In his sole assignment of error, Johnson argues that the trial court committed plain error by imposing consecutive sentences because the record does not clearly and convincingly support all necessary factual findings.

{¶ 12} Before addressing the substance of Johnson's argument, we will sua sponte address the effect, if any, of the trial court's August 24, 2023 nunc pro tunc entry after the instant appeal was perfected.

**{¶ 13}** Although a court "speaks through its journal entries," clerical errors may be corrected "in order to conform to the transcript of the proceedings." *State v. Lugo*, 8th Dist. Cuyahoga No. 103893, 2016-Ohio-2647, ¶ 3, citing *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47, and Crim.R. 36. Crim.R. 36 states, "clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A "clerical * * * mistake" is ""a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."" *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist.2000). A nunc pro tunc entry is a means by which a court can correct a clerical mistake in an order it previously entered that fails to reflect the court's true action. *State v. Chislton*, 8th Dist. Cuyahoga No. 108840, 2021-Ohio-697, ¶ 15.

**{¶ 14}** Because the error in the trial court's sentencing journal entry was clerical, it may be properly addressed with a nunc pro tunc entry, provided the trial court had jurisdiction to do so. ""[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment."" *State v. McDonald*, 8th Dist. Cuyahoga No. 111724, 2023-Ohio-464, ¶ 15, quoting *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d

30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8; *see also State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 8 ("'An appeal is perfected upon the filing of a written notice of appeal. * * * Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal.'"), quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9.

{¶ 15} Therefore, generally, the timely filing of a notice of appeal precludes a trial court from issuing further orders affecting matters at issue in the appeal. *McDonald* at ¶ 16. Where a trial court enters an order without jurisdiction, its order is void and a nullity. *Id.*, citing *State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 and 101115, 2014-Ohio-3903, ¶ 18, citing *State v. Abboud*, 8th Dist. Cuyahoga Nos. 87660 and 88078, 2006-Ohio-6587, ¶ 13.

{¶ 16} Ohio courts have held that "although Crim.R. 36 permits a nunc pro tunc entry to be filed 'at any time,' a notice of appeal will divest a trial court of jurisdiction to do so." *State v. Hearn*, 4th Dist. Washington No. 20CA7, 2021-Ohio-594, ¶ 11-13 (citing cases from the Second, Third, Sixth, Ninth, Eleventh and Twelfth Districts). *But see State v. Anderson*, 10th Dist. Franklin No. 11AP-236, 2011-Ohio-6667, ¶ 18-21 (trial court had jurisdiction to issue nunc pro tunc entry to correct "clerical error" that did not change appellant's aggregate sentence even after notice of appeal filed); *State v. Wilson*, 2d Dist. Montgomery No. 24352, 2011-Ohio-5990, ¶ 14-17 (trial court's correction of a clerical error while appeal was pending to

recognize that defendant's crime was an aggravated first-degree felony rather than an ordinary first-degree felony was permitted where it "did not interfere with" appellate jurisdiction).

{¶ 17} Likewise, this court has held that where a trial court's nunc pro tunc entries are directly related to and affecting matters assigned as error on appeal, they are therefore inconsistent with this court's jurisdiction to reverse, modify, or affirm the trial court's judgment. *McDonald*, 8th Dist. Cuyahoga No. 111724, 2023-Ohio-464, at ¶ 19-20, citing *State v. Aarons*, 8th Dist. Cuyahoga No. 110313, 2021-Ohio-3671, ¶ 24.

{¶ 18} In light of the foregoing, we find that the trial court in the instant case lacked jurisdiction to issue a nunc pro tunc entry while Johnson's appeal was pending and therefore, that entry is void. *Id.* at ¶ 21.

{¶ 19} We turn now to Johnson's argument that the trial court improperly imposed consecutive sentences. In support of this argument, Johnson argues that the record does not clearly and convincingly support the finding required under R.C. 2929.14(C)(4) that consecutive sentences are "not disproportionate to the seriousness of [his] conduct."

{¶ 20} Under R.C. 2929.14(C)(4), a trial court may order prison terms to be served consecutively if it finds "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the

danger the offender poses to the public." Further, the court must also find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 21} A defendant can challenge consecutive sentences on appeal in two ways. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, and 109808, 2021-Ohio-2586, ¶ 13; *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). Second, the defendant can argue that the record "clearly and convincingly" does not support the court's findings made pursuant to R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Reindl* at *id.* Here, Johnson argues that the record does not support the findings. In addressing this assignment of error, we review the record and consider whether it does not support the trial court's consecutive-sentence findings. *State v. Trujillo*, 8th Dist. Cuyahoga No. 112442,

2023-Ohio-4125, citing *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5 (lead opinion) ("[T]he trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record."), ¶ 27 (Fischer, J., concurring in judgment only) ("[T]he appellate court could not find that the record does not support the trial court's consecutive-sentence findings * * *.") and ¶ 73 (Stewart, J., dissenting) ("De novo review of the record * * * is in fact what the statute requires.").

{¶ 22} Here, the trial court made the following findings on the record at the sentencing hearing:

> Anyway, the reason I'm giving you consecutive sentences is because of your criminal history; because of the danger to the public of trafficking in drugs, to punish you for your lies and your trafficking to the public; and you committed these crimes in this case while you were on probation on two cases; and 2 years is definitely not disproportionate to the amount of time drug traffickers get for trafficking. If you were in federal court, it could be life for fentanyl and heroin, if heroin is in your indictment. I don't know if it is or not. So this is very serious conduct. And I believe that one or more of these offenses — you had three that you pled guilty to — were a course of conduct. It was all one — you had to possess drugs and you had to sell them, and then you had to obstruct official business so you wouldn't get caught, but you did. So it's all one course of conduct. And as I said, it's necessary to protect the public from future crime.

{¶ 23} Likewise, the trial court reiterated its consecutive-sentence findings in its sentencing journal entry cited above.

{¶ 24} Johnson does not argue that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4). Instead, he argues that one such finding — that consecutive sentences are not disproportionate to the seriousness of his conduct — was not clearly and convincingly supported by the record.

Specifically, Johnson argues that while his indictment contained numerous drug-related charges that could have cumulatively constituted sufficiently serious conduct to warrant consecutive sentences, he was only convicted of three offenses.

{¶ 25} In support of this argument, Johnson cites to *State v. Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160, in which the Second District expressed concern that its sentencing jurisprudence "has become a rubber stamp for rhetorical formalism." The instant case is easily distinguishable from *Adams*. In *Adams*, the court found that sentencing "a 22-year-old non-psychopathic addict, with only a previous juvenile suspended DYS commitment and no adult felony record" to spend the next 20 years in prison "at the expense of the taxpayers" is entirely different from sentencing an adult with an extensive criminal history to a two-year prison term for drug trafficking. Further, we note that the court in *Adams* found that the record did not clearly and convincingly support any of the required consecutive-sentence findings, but did not address with specificity whether consecutive sentences were not disproportionate to the seriousness of the offender's conduct.

{¶ 26} Upon review, we find that the trial court's findings were clearly and convincingly supported by the record. The trial court ordered and reviewed a pre-sentence investigation and report, and the court's statements on the record clearly reflect that the court considered the nature of Johnson's crimes to be very serious and to pose a serious danger to the public; therefore, the court found that consecutive sentences were not disproportionate to the significant danger posed by drug trafficking. For these reasons, we find that the trial court complied with R.C.

2929.14(C)(4) in imposing consecutive sentences. Johnson's sole assignment of error is overruled.

{¶ 27} Further, in light of our conclusion that the trial court's August 24, 2023 nunc pro tunc entry was entered when the trial court was divested of jurisdiction and is therefore a nullity, we remand the case for the issuance of a nunc pro tunc entry to delete the language referring to concurrent sentences and accurately reflect the court's imposition of consecutive sentences.

{¶ 28} Judgment affirmed and case remanded for issuance of a nunc pro tunc entry in accordance with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
LISA B. FORBES, J., CONCUR