[Cite as *State v. Thompson*, 2025-Ohio-1547.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                        No. 114159

    v. :

BRANDON THOMPSON, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** May 1, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-684823-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Caroline Maver and Eben McNair, Assistant Prosecuting Attorneys, *for appellee.*

Law Office of Schlachet & Levy, and Eric M. Levy, *for appellant.*

---

SEAN C. GALLAGHER, J.:

{¶ 1} Brandon Thompson appeals his conviction for gross sexual imposition, including the resulting sentence. For the following reasons, the conviction is

affirmed, but the matter remanded for the purpose of issuing a corrected entry accurately reflecting what occurred below.

{¶ 2} According to the trial testimony, the victim was on her first date, with a man who would become her boyfriend, at a local bar in the Warehouse District of Cleveland. The victim had been drinking but not described as heavily. Sometime during the evening, she felt sick and left the table to use the restroom. The victim left her cell phone and purse behind. She remembers nothing after walking to the restroom, but she never returned to her friends. The boyfriend claims to have attempted to locate her but apparently could not. He left the bar with the victim's possessions around closing time. At that same time, Thompson and his friend found the victim, whom the men did not know, in a corner near the entrance. According to the friend, they attempted to find someone who knew her to no avail.

{¶ 3} Thompson decided to give the victim a ride home instead of contacting authorities for assistance. According to Thompson's friend, the victim was unable to articulate her address because of her apparent intoxication. Thompson then took her to his apartment. The friend testified that while the victim was in the car she appeared drunk and was vomiting, which continued when they arrived at Thompson's apartment. The friend testified that when he left Thompson's apartment around 3:45 a.m., the victim had passed out in the bathroom but moved herself to Thompson's bed to sleep.

{¶ 4} The next morning, the victim awoke. Not recognizing Thompson, knowing where she was, or remembering the events of the previous evening, she was

understandably confused.  According to the victim, Thompson made an appalling comment about her anatomy and his inability to insert his penis into her vagina. That strongly indicated that he had, or attempted to have, sexual intercourse with the victim, enough so in fact that the victim went to the hospital to have a sexual-assault examination performed despite her inability to remember the previous night's events.  The results of the testing confirmed Thompson's seminal fluid was present on and inside the victim's underwear and her inner thighs.

{¶ 5} After presenting its evidence, the State sought to amend the indictment to attempted rape under R.C. 2923.02 and 2907.02(A)(1)(c), along with a sexually violent predator specification under R.C. 2941.148(A).  The trial court inexplicably found appellant not guilty of the amended count of attempted substantial-impairment rape but determined that trial evidence supported "a conviction for the lesser offense of gross sexual imposition, a felony of the fourth degree, with Tier I classification and reporting."  The court did not reference any specific subsection of the gross sexual imposition statute.  Considering that express statement within the context of the trial evidence, the only applicable subdivision that fits the trial court's verbal or stated description of "the lesser offense" to substantial-impairment rape, is substantial-impairment gross sexual imposition under R.C. 2907.05(A)(5).  That subdivision is nearly identical to R.C. 2907.02(A)(1)(c) except for the substitution of "sexual contact" in place of "sexual conduct" as the underlying act.

{¶ 6} The defendant did not object to that verdict at the time, but the State also failed to ask for any clarification.  The trial court sentenced appellant to nine

months in prison and ordered him to register as a Tier I sex offender, which is consistent with a subdivision (A)(5) conviction. The transcript reflects that the sentence was legally correct because again, the trial court did not specify the subdivision underlying the finding of guilt at the sentencing hearing.

{¶ 7} In attempting to memorialize what occurred at trial and sentencing, the trial court issued a series of problematic journal entries. Immediately after the verdict and then the sentencing hearing, the trial court wrote that "the court finds the defendant guilty of the lesser included offense of gross sexual imposition 2907.05 (A)(2) F4 with Tier 1 classification." That statement is inconsistent with the in-court verdict. It is also legally incorrect considering the fact that trial focused on a substantial-impairment sexual assault.

{¶ 8} The court then issued two corrective entries, tacitly acknowledging the mistake in the first two. The sentencing entry issued on June 18, 2024, stated, in pertinent part, "[T]he court finds the defendant guilty of gross sexual imposition R.C. 2907.05 A(2) F4 the lesser included offense *as amended in the indictment*." (Emphasis added.) The other entry entered on the same day repeated that language. The correction also was incorrect. The indictment was not amended to include an R.C. 2907.05(A)(2) offense.

{¶ 9} This appeal timely followed.

{¶ 10} In the first three assignments of error, Thompson claims that he was improperly convicted of gross sexual imposition in violation of R.C. 2907.05(A)(2) because he was not charged with that offense and it is not a lesser-included offense

of substantial-impairment rape. In the alternative, he claims there was no evidence supporting the subdivision (A)(2) offense based on the lack of evidence demonstrating that he administered some kind of intoxicant to the victim.

{¶ 11} The State argues that the trial court's in-court verdict and sentence are correct, and the journal entries need correcting to reflect that which occurred. In a perfect world, the trial court would have verified the correct statutory section in drafting the entries to ensure the correctness of the record, but that did not occur. At oral argument the State maintained that if this panel reversed Thompson's conviction, this panel would be giving Thompson "a pass." Respectfully, an appellate court reviews legal questions and cannot render decisions based on a particular conclusion being the *right* result from a litigant's perspective. It would be unfortunate for an offender to avoid adverse consequences because of errors made in the process of bringing him to justice, but shouldering that burden is not on courts of law. It is the State that has an obligation to the public and the victim to ensure that all details of its prosecution are satisfied. It appears that the State has not fully reflected on the situation and that any perceived "pass" given to Thompson would be attributed to its own failure to timely alert the court to this issue when it had multiple chances to do so — immediately after the verdict was announced, when the initial journal entry was filed, in its sentencing memorandum, at the sentencing hearing, or when the corrected journal entries were filed. By overlooking the details, the State left the door open to Thompson's current argument.

{¶ 12} It is thus apparent that some kind of mistake was made. This appeal thus hinges on two distinct lines of authority. If the mistake is clerical in nature, as made evident through the context of the trial court's statements and the trial evidence, a correction is permitted. *See, e.g., State v. Stiver*, 2024-Ohio-65, ¶ 23 (8th Dist.) (referencing the incorrect statutory section underlying the conviction and final sentence in a journalized entry is properly corrected through Crim.R. 36); *State v. Wilson*, 2023-Ohio-218, ¶ 14 (rejecting the appellant's argument as to whether the trial court convicted him of an inferior offense based on the context of the evidence presented and the trial court's statements articulated around the finding of guilt indicating that it had). If, on the other hand, the mistake is that the court actually found Thompson guilty of the subdivision (A)(2) offense at trial, the conviction must be vacated because there is nothing to correct in the disputed journal entries. *State v. Fanning*, 2008-Ohio-2185, ¶ 20 (8th Dist.) ("'[A] defendant may only be convicted of an offense for which he has been charged, or for a lesser-included offense of the crime charged.'"). *Id.*, quoting *State v. Green*, 2008-Ohio-228, ¶ 21, citing *State v. Deem*, 40 Ohio St.3d 205 (1988), paragraph one of the syllabus.

{¶ 13} Although the answer to the question is not clear cut, it can be said with certainty that appellate courts cannot solely rely on the proposition that a trial court *only* speaks through its journal as Thompson claims — if that were the case, a nunc pro tunc entry under Crim.R. 36 would never be permitted. But more important, if Thompson's argument were accepted at face value, that a court only speaks through

its journal and what was said in open court is irrelevant, his (A)(2) conviction stands. The final entry reads that Thompson's conviction occurred based on the indictment being amended to gross sexual imposition under subdivision (A)(2), a conclusion that he has not challenged. *See* App.R. 16(A)(7). Appellate courts, however, do not read journal entries in isolation; they are read in conjunction with the transcript of proceedings. *See, e.g., State v. Miller*, 2023-Ohio-1141, ¶ 106 (8th Dist.).[1] When determining whether inadvertent clerical entries can be corrected under Crim.R. 36, appellate courts must look at what was memorialized, but in the context of the entire record to determine whether the journal entry accurately and legally reflects that which actually occurred. *Wilson* at ¶ 14.

{¶ 14} On June 18, 2024, the trial court referenced R.C. 2907.05(A)(2) in two corrected journal entries meant to memorialize the in-court verdict and final sentencing, which replaced two earlier entries differently worded. Throughout the entirety of the trial, there was never an argument, evidence of, or discussion supporting an allegation that Thompson administered an intoxicant to the victim, as required under subdivision (A)(2). The State maintained through the final sentencing, at which time the trial court agreed with the State, that Thompson took advantage of the victim who was intoxicated through some other means. That describes a substantial-impairment sexual assault. It is evident from the trial record

---

[1] In *Miller*, the panel concluded that "[i]n this case, the trial court imposed a sentence on the third-degree felony offense charged in Court 4 *and incorporated similar language into the sentencing journal entry*." (Emphasis added.) *Id.* Similar to *Fanning*, the journal entry accurately reflected what occurred in open court. In those situations, Crim.R. 36 cannot be used to correct the record to reflect what the court intended.

and the trial court's in-court statements that it found Thompson guilty of substantial-impairment gross sexual imposition. *See State v. Eafford*, 2012-Ohio-2224, ¶ 18.

{¶ 15} This conclusion is bolstered by the fact that when the trial court announced its verdict in court, it found Thompson not guilty of attempted substantial-impairment rape but guilty of "*the* lesser included offense of gross sexual imposition, a felony of the 4th Degree, with Tier I classification and reporting." (Emphasis added.) The only offense that is a lesser-included offense to substantial-impairment rape under R.C. 2907.02(A)(1)(c), is substantial-impairment gross sexual imposition under R.C. 2907.05(A)(5). That latter charge merely substitutes "sexual conduct" in subdivision (A)(1)(c) of the rape statute with the phrase "sexual contact." The two subsections are otherwise identical. Neither party asked for clarification, and importantly, Thompson did not object to the finding of guilt as being beyond the scope of the charged offense.

{¶ 16} The lack of a reference to a statutory section does not render the announced verdict invalid for two reasons. First, "'a trial court is presumed to know the law and to have considered any lesser included offense or inferior degree offense warranted by the evidence[,]'" which in this case was limited to a substantial-impairment sexual assault offense. *State v. Stevens*, 2020-Ohio-6981, ¶ 20 (6th Dist.), quoting *State v. Lloyd*, 2008-Ohio-3383, ¶ 33 (12th Dist.). And second, a verdict is not improper even if it lacks specificity when the offender is aware of the nature of the charges from the onset of trial and the intent of the State to prove guilt

for a particular act. *Eafford*, 2012-Ohio-2224, at ¶ 18; *State v. Miller*, 2000 Ohio App. LEXIS 6068, *8 (6th Dist. Dec. 22, 2000) (erroneous reference to wrong statute in verdict form was merely clerical in consideration of the entire record indicating the correct charge for which the defendant was found guilty).

{¶ 17} Thompson was well aware the State intended to prove substantial-impairment rape throughout trial, which does not require evidence of him administering the intoxicant to the victim. The trial court's on-the-record verdict and sentencing statements are an accurate description and implementation of the law, despite omitting a reference to the statutory section.

{¶ 18} Appellate courts must review the entire record to determine the context of the trial court's statements as it relates to the verdict, not just the journal entries themselves. *Wilson*, 2023-Ohio-218, at ¶ 14. If the journal entries in this case simply copied the trial court's language used in announcing the verdict, the conviction for a substantial-impairment gross sexual imposition would have been definitively affirmed. *See Eafford* at ¶ 18; *see also* Crim.R. 23(C) ("In a case tried without a jury, the court shall make a general finding."); *State v. McAlpine*, 2024-Ohio-2455, ¶ 31 (concluding that in a bench trial, the trial court is not required to make a specific finding on a furthermore clause that elevates the offense for the purposes of sentencing because Crim.R. 23(C) requires a general finding only, and a court is presumed to know the law unless the record affirmatively demonstrates otherwise). Because the journal entries failed to memorialize the trial court's actual verdict finding Thompson guilty of "the lesser-included offense of gross sexual

imposition," to the attempted substantial impairment rape charge, which can only be a violation of R.C. 2907.05(A)(5), the remaining question is whether the errors can be corrected through Crim.R. 36.

{¶ 19} A clerical error is defined as "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 19, quoting *State v. Brown,* 2000-Ohio-1660. Importantly for the purposes of this appeal, "a trial court can use a nunc pro tunc entry to correct clerical errors, including errors 'involving a court's incorrect statutory reference in a sentencing entry . . . .'" *State v. DeStefanis*, 2025-Ohio-502, ¶ 14 (9th Dist.), quoting *State v. Reid*, 2018-Ohio-5287, ¶ 13 (6th Dist.), and *State v. Bradford*, 2017-Ohio-3003, ¶ 23 (4th Dist.); *see also State v. Harris*, 2020-Ohio-5306, ¶ 111-113 (11th Dist.) (a misstated statutory reference in the sentencing entry may be corrected through Crim.R. 36). This district adheres to that line of authority. *Stiver*, 2024-Ohio-65, at ¶ 23 (8th Dist.).

{¶ 20} In this case, Thompson does not address the fact that misstatements of the relevant statutory sections can be corrected at any time as articulated in *Stiver,* or that the trial court's in-court verdict must be viewed within the context of the entire record under *Wilson* instead of solely looking at the journal entries in isolation. He instead narrowly focuses on *Fanning*, 2008-Ohio-2185, which stands for the proposition that a conviction must be vacated if the defendant *is convicted* of an offense that is *not* the lesser-included or inferior offense of the crime charged.

That remains a true statement of black-letter law, but it is nonetheless inapplicable to the facts and history of this case.

{¶ 21} In *Fanning*, the defendant was expressly convicted of an offense, with an accurate reference to the relevant statutory section underlying the particular conviction, that was later deemed not to be a lesser-included offense to the crime charged. *Id.* That conviction was overturned based on the decision regarding whether the offense was the lesser-included offense to the charge as indicted. *Id.*

{¶ 22} *Fanning* is inapplicable because Thompson was not convicted of the subdivision (A)(2) administering-intoxicants offense at trial. He has not identified any part of the trial record that indicates subdivision (A)(2) was even a consideration or that the trial court found him guilty of that violation. *See Wilson* at ¶ 14. He solely focuses on the journal entries without reference to, or reliance on, the transcript.

{¶ 23} In this case, the trial court never specified in open court to which subdivision it was referring in finding Thompson guilty of the lesser-included offense of gross sexual imposition as the trial court did in *Fanning*. And importantly, Thompson presents no authority requiring such specificity in the verdict. Thus, for our purposes, the in-court verdict must be considered proper. *See State v. Quarterman*, 2014-Ohio-4034, ¶ 19, citing *State v. Bodyke*, 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part); *see also Russo v. Gissinger*, 2023-Ohio-200, ¶ 28 (9th Dist.), quoting *State v. Taylor*, 1999 Ohio App. LEXIS 397 (9th Dist. Feb. 9, 1999) ("'It is the duty of the appellant, not [an appellate court], to demonstrate his assigned error through an argument that is

supported by citations to legal authority and facts in the record.'"). The sole error was in memorializing that verdict and sentence. In this case, based on the arguments presented, a corrective entry is permitted.

{¶ 24} For these reasons, Thompson's first assignment of error is overruled, and his second and third ones challenging the subdivision (A)(2) conviction based on the lack of evidence are moot. He was not convicted of the (A)(2) offense, so whether the record supported such a conviction is immaterial. And finally, his fourth assignment of error challenging the length of his sentence is also moot. "When the defendant challenges the length of the sentence that has been completely served, as opposed to challenging the fact of conviction itself, the mootness doctrine applies." *State v. Sailor*, 2021-Ohio-2277, ¶ 10 (8th Dist.), citing *State v. Ingledue*, 2019-Ohio-397, ¶ 10 (2d Dist.). Thompson has served the entirety of the imposed prison term and is currently serving the required term of postrelease control. Any issue with respect to the length of his prison sentence cannot be remedied.

{¶ 25} The conviction is affirmed, but the matter is remanded for the purpose of issuing a corrected journal entry accurately reflecting the violation underlying the finding of guilt and sentence.

{¶ 26} Affirmed and remanded.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
MICHAEL JOHN RYAN, P.J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)

MICHAEL JOHN RYAN, P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 27} Respectfully, I concur in the majority's disposition of the second, third, and fourth assignments of error. However, I dissent as to the first assignment of error.

{¶ 28} The trial court found appellant not guilty of the amended count of attempted rape but determined that witness testimony and scientific evidence supported "a conviction for the lesser offense of gross sexual imposition, a felony of the fourth degree, with Tier I [sexual offender] classification and reporting." The court did not indicate under which subsection of the gross sexual imposition statute it was convicting appellant. On appeal, appellant argues his conviction for gross sexual imposition, under R.C. 2907.05(A)(2), must be vacated because he was never indicted for this offense and it is not a lesser-included offense of (1) rape under R.C. 2907.02(A)(1)(c), or (2) the amended count of attempted rape under R.C. 2923.02 and 2907.02(A)(1)(c). I agree.

{¶ 29} "'A defendant may only be convicted of an offense for which he [or she] has been charged, or for a lesser-included offense of the crime charged.'" *State v. Fanning*, 2008-Ohio-2185, ¶ 20 (8th Dist.), quoting *State v. Green*, 2008-Ohio-228, ¶ 21 (8th Dist.), citing *State v. Deem*, 40 Ohio St.3d 205 (1988); R.C. 2945.74; Crim.R. 31(C). If a defendant is convicted of an offense that is not the offense for which he or she was charged or a lesser-included offense of the crime charged, the conviction must be vacated. *Fanning* at *id.*

{¶ 30} Appellant was charged with rape, pursuant to R.C. 2907.02(A)(1)(c), which provides that

> [n]o person shall engage in sexual conduct with another when . . . [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

{¶ 31} As mentioned, at the close of the State's case, it motioned to amend the rape count to attempted rape and the court granted the motion. There was no request that the trial court consider any other lesser-included offense nor did the State move to amend the indictment under Crim.R. 7(D).[2]

{¶ 32} In handing down its conviction, the trial court stated as follows:

> The case essentially can be distilled down to the period of time in which the sexual assault was alleged to have occurred. The court finds that the State did not prove beyond a reasonable doubt all elements necessary for conviction on the charge of attempted rape and he is

---

[2] Under Crim.R. 7(D), the court may amend the indictment, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged at any time before, during, or after a trial.

found not guilty of the amended charge; however, the testimony of the witnesses and the scientific evidence do support a conviction for the lesser offense of gross sexual imposition, a felony of the fourth degree, with Tier I classification and reporting.

{¶ 33} The trial court did not indicate on the record which subsection of the gross sexual imposition statute, R.C. 2907.05, it was referring to. In its judgment entry of conviction, issued May 8, 2024, the trial court stated: "The court finds the defendant guilty of the lesser included offense of gross sexual imposition [R.C.] 2907.05(A)(2) F4 with Tier 1 classification." The trial court issued a corrected judgment entry on June 18, 2024, which stated, "The court finds the defendant guilty of gross sexual imposition R.C. 2907.05(A)(2) F4 the lesser included offense as amended in the indictment."

{¶ 34} During appellant's subsequent sentencing hearing, the trial court did not indicate under which subsection of R.C. 2907.05 it was sentencing appellant. The court stated only that appellant was convicted of a felony of the fourth degree.

{¶ 35} In its sentencing journal entry, initially dated June 13, the trial court stated: "On a former day of court the defendant was found guilty . . . of the lesser included offense of gross sexual imposition [R.C.] 2907.05(A)(2) F4 with Tier 1 classification." In a corrected sentencing journal entry, dated June 18, 2024, the trial court stated: "On a former day of court, the court returned a verdict of guilty of gross sexual imposition R.C. 2907.05(A)(2) F4 the lesser included offense as amended in the indictment."

{¶ 36} Thus, in both the initial and corrected judgment entries of conviction and sentencing journal entries the trial court stated that it found appellant guilty of gross sexual imposition pursuant to R.C. 2907.05(A)(2).

{¶ 37} R.C. 2907.05(A)(2) provides that

No person shall have sexual contact with another; cause another to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

. . .

(2) For the purpose of preventing resistance, the offender substantially impairs the judgment or control of the other person or of one of the other persons by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.

{¶ 38} The State argued that the trial court misstated the subsection under which it convicted appellant and actually convicted him of R.C. 2907.05(A)(5), which provides:

No person shall have sexual contact with another; cause another to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

. . .

(5) The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age.

{¶ 39} An incident will qualify as a lesser-included offense when "the greater offense as statutorily defined cannot be committed without the lesser offense as

statutorily defined also being committed." *State v. Owens*, 162 Ohio St.3d 596, ¶ 8 (2020), citing *State v. Evans*, 122 Ohio St.3d 381 (2009). The State concedes that gross sexual imposition under R.C. 2907.05(A)(2) is not a lesser-included offense of rape under R.C. 2907.02(A)(1)(c). The State's position is that the court's mistake amounts to a clerical error that can be corrected through a nunc pro tunc journal entry.

{¶ 40} The State contends that the indictment and record support that the court made a clerical error and that the case should be remanded for the court to correct its mistake. Specifically, the State points to the trial court's statement that finding appellant guilty of "*the* lesser included offense" (emphasis added) of attempted rape (R.C. 2923.02 (the attempt statute) and R.C. 2907.02(A)(1)(c) (substantial-impairment rape)), which means that the court could have only found appellant guilty of gross sexual imposition under R.C. 2907.05(A)(5) because that specific crime is the lesser-included offense of attempted rape under R.C. 2923.02 and 2907.02(A)(1)(c). As further evidence, the State argues that it never presented evidence of an (A)(2) offense. I am not persuaded. Although perhaps the trial court intended on convicting and sentencing appellant for a violation of R.C. 2907.05(A)(5), the fact is that it did not do so. A "defendant may not . . . be convicted of an offense which may have some similarities to the offense charged but which is not contained within it." *Green*, 2008-Ohio-228, at ¶ 21 (8th Dist.), citing *State v. Tate*, 1988 Ohio App. LEXIS 1071 (8th Dist. Mar. 24, 1988).

{¶ 41} It is well-settled that a court "speaks through its journal entries." Clerical errors may be corrected "in order to conform to the transcript of the proceedings." *State v. Johnson*, 2024-Ohio-72, ¶ 13 (8th Dist.), citing *State v. Lugo*, 2016-Ohio-2647, ¶ 3 (8th Dist.). Crim.R. 36 provides, "clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A "clerical . . . mistake" is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *Johnson* at *id.*, citing *State v. Miller*, 2010-Ohio-5705, ¶ 15. A nunc pro tunc entry is a means by which a court can correct a clerical mistake in an order it previously entered that fails to reflect the court's true action. *Johnson* at *id.*, citing *State v. Chislton*, 2021-Ohio-697 (8th Dist.).

{¶ 42} The majority concludes that the court made a clerical mistake, opining that we must consider both the journal entries and the transcript to glean the court's intent. The court, however, did not announce its verdict immediately after the parties concluded their closing arguments; instead, the trial court deliberated for a period prior to announcing its verdict. Thus, the trial court demonstrated that it had weighed the evidence and applied the law. The latter is self-evident where the trial court found the appellant not guilty of the amended charge of attempted rape under R.C. 2923.02 and 2907.02(A)(1)(c). The trial court's lack of a clerical mistake is also illustrated by the fact that it issued four journal entries containing the same finding: guilty of the lesser-included offense gross sexual imposition under

R.C. 2907.05(A)(2). If this was a clerical mistake, the trial court had numerous opportunities to correct it but failed to do so. Moreover, the State had multiple chances to alert the court of its alleged error, either immediately after the verdict was announced, when the initial journal entry was filed, in its sentencing memorandum, at the sentencing hearing, or when the corrected journal entries were filed, but it completely failed to do so.

{¶ 43} Thus, I disagree that the trial court's alleged error was merely clerical that can be remedied through a nunc pro tunc entry. "A nunc pro tunc entry reflects what a court 'actually decided, not what the court might or should have decided or what the court intended to decide.'" *State v. Miller*, 2023-Ohio-1141, ¶ 106 (8th Dist.), quoting *State v. Wright*, 2019-Ohio-1361, ¶ 18 (8th Dist.). In this case, the trial court failed to state a subsection in handing down its verdict or in sentencing appellant; thus, we only have the related journal entries on which to rely.

{¶ 44} In *Fanning*, 2008-Ohio-2185 (8th Dist.), the appellant was indicted for one count of aggravated robbery (R.C. 2911.01(A)(1)), among other charges. Following a bench trial, the court convicted the appellant of robbery (R.C. 2911.02(A)(2)), finding that it was a lesser-included offense of aggravated robbery. In vacating the appellant's robbery conviction, this court found that because the appellant was not indicted for robbery under R.C. 2911.02(A)(2) and

because it was not a lesser-included offense of aggravated robbery, his conviction could not stand. *Id.* at ¶ 20.[3]

{¶ 45} The majority contends that *Fanning* is inapplicable because the *Fanning* trial court specified in open court which statute it was referring to, whereas here, the trial court never identified the statutory section in rendering its verdict. I would not find that *Fanning* is distinguishable on that basis. *State v. Stiver*, 2024-Ohio-65 (8th Dist.), upon which the majority relies, is distinguishable, however. The majority cites *Stiver* for the proposition that a trial court can use a nunc pro tunc entry to correct a journal entry that has the wrong statutory reference pursuant to Crim.R. 36. But the appellant in *Stiver* pled guilty, he was not found guilty at trial. Additionally, the *Stiver* trial court announced the correct statute on the record, but the journal entry did not align with the actual plea. In that instance, the trial court was authorized to correct what it actually did, but that is not what occurred in this case.

{¶ 46} I find *Miller*, 2023-Ohio-1141 (8th Dist.), instructive. In *Miller*, the record reflected that the trial court intended to impose a sentence on the second-degree felony offense of child endangering but inadvertently referenced Count 4 instead of Count 5. This court concluded that because "a sentencing court speaks only through its judgment entry of sentence, not its oral pronouncements[,]" we

---

[3] In *State v. Evans*, 2009-Ohio-2974, decided after *Fanning*, the Ohio Supreme Court held that robbery under R.C. 2911.02(A)(2) is a lesser-included offense of aggravated robbery under R.C. 2911.01(A)(1). *Id.* at paragraph one of the syllabus. The concept, however, that an offender cannot be convicted for a crime for which he or she was not indicted or which is a not a lesser-included offense, remains the same.

must presume that the trial court intended to sentence Miller on Count 4 of the indictment. *Id.* This court found that the trial court's "intention" in sentencing the appellant was immaterial. *Id.* ("Thus, whether the trial court intended to sentence Miller on Count 5, but mistakenly referred to Count 4, is immaterial to our review.") This court vacated the appellant's conviction on Count 4. *Id. See also Green,* 2008-Ohio-228, at *id.* (8th Dist.) (a defendant can only be convicted of an offense for which he or she has been charged or the lesser-included offense of the crime charged).

{¶ 47} The majority points to appellant's lack of citation to authority for his contention that a trial court is required to identify the statutory section of a crime when rendering its verdict. But appellant did not make that specific argument. Moreover, this court has found plain error in circumstances where an appellant did not raise on appeal the issue that he or she was convicted of an offense for which he or she has not been charged. *Tate*, 1988 Ohio App. LEXIS 1071, at *5 (8th Dist.). And the State conceded both in its brief on appeal and at oral argument that R.C. 2907.05(A)(2) is not a lesser-included offense of R.C. 2923.02 and 2907.02(A)(1)(c).

{¶ 48} Finally, the majority maintains that the lack of a reference to a statutory section does not render the court's verdict invalid because "a trial court is presumed to know the law and to have considered any lesser included offense or inferior offense warranted by the evidence." *State v. Stevens*, 2020-Ohio-6981, ¶ 20, citing *State v. Lloyd*, 2008-Ohio-3383 (12th Dist.). *Stevens*, however,

presumes that the trial court did consider all the lesser-included offenses and made its choice; in this case that choice was a conviction under R.C. 2907.05(A)(2), which, for the reasons discussed, is not a lesser-included offense of R.C. 2923.02 and 2907.02(A)(1)(c).

{¶ 49} The majority claims that following the tenet that a court speaks through its journal entries would always preclude the trial court from issuing a nunc pro tunc pursuant to Crim.R. 36. But a nunc pro tunc is permissible only to correct what the court did and not what it intended to do. By allowing what the State requested, which is to remand the case for the trial court to issue a nunc pro tunc, the majority is overruling the prior precedent. As mentioned, the trial court and the State surrendered their right to correct the entry. The fact remains that the trial court failed to state on the record that the appellant was guilty of the lesser-included offense of gross sexual imposition under R.C. 2907.05(A)(5). The trial court cannot correct that which it never held.

{¶ 50} In this case, because appellant was not indicted for gross sexual imposition, as defined under R.C. 2907.05(A)(2), and because it is not a lesser-included offense of the indicted offense of substantial-impairment rape under R.C. 2907.02(A)(1)(c) or the amended charge of attempted rape, I would find that appellant's conviction should be vacated.